# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RITA SHULTZ,                                )
                                            )
           **Plaintiff,**         )
                                            )
v.                                          )    **Case No. 09-1220-WEB**
                                            )
BLUE CROSS AND BLUE SHIELD OF               )
KANSAS, INC.,                               )
                                            )
           **Defendant,**         )
                                               )

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to compel her health insurer to produce certain documents. (Doc. 30). Defendant opposes the motion. For the reasons set forth below, the motion shall be DENIED WITHOUT PREJUDICE.

## Background

Plaintiff was injured in a horse riding accident in Colorado and transported by helicopter ambulance to a Denver hospital. The air ambulance company billed plaintiff $16,589.62 for its services and Blue Cross and Blue Shield paid $4,285.94, apparently disallowing the remaining amount as "unreasonable." Plaintiff filed this case in state court for the unpaid balance and defendant removed the matter to federal court, arguing this is "an

ERISA benefits-denial case."[1]

## Motion to Compel

Plaintiff served discovery requests seeking: (1) documents related to the "maximum amount allowable for the same service," (2) documents concerning helicopter/air ambulance service in mountainous regions, (3) any documents considered by defendant in determining that plaintiff's ambulance provider "has higher charges than those we typically see nationally,' and (4) any documents which defendant contends are "relevant benefit claim files." Defendant objected to the discovery requests and, following various exchanges between the parties, plaintiff moved to compel document production. The parties' arguments are discussed in greater detail below.

### Timing of the Motion to Compel

D. Kan. Rule 37.1(b) provides that any motion to compel must be filed within 30 days of the discovery response. Defendant argues that plaintiff's motion to compel is untimely because defendant provided its initial discovery response on February 12, 2010 and plaintiff

---

[1]

Plaintiff moved to remand the case to state court, arguing that her insurance policy is not subject to ERISA statutes and regulations. Judge Brown denied the motion to remand, holding: "Under the record presented . . . defendant has satisfied its burden of establishing federal jurisdiction by showing that the policy in question is likely part of an employee welfare benefit plan within the meaning of ERISA." Memorandum and Order, Doc. 22, p. 13. Plaintiff continues to question whether this case is governed by ERISA but argues that defendant must still comply with the terms of the parties' insurance contract.

did not move to compel until June 25, 2010.[2]  This argument is rejected because the delay

in moving to compel was caused by (1) defendant's offer to provide additional documents

conditioned on entry of a protective order and (2) the parties' efforts to confer.

D. Kan. Rule 1.1 provides that the court may modify the district court's local rules to

"avoid injustice."   Under the circumstances, denying plaintiff's motion to compel merely

because more than 30 days passed after defendant's original response would be an

"injustice."

**Duty to Confer**

Defendant also argues that plaintiff's counsel failed to "meet and confer in good

faith." This argument borders on bad faith because the exhibits attached to the parties' briefs

reveal a significant history of communication between counsel concerning the disputed

discovery requests.  Moreover, plaintiff's May 4, 2010 letter warned that she was asking

"one last time" for production.  Defense counsel responded on June 21 that the requested

documents would not be produced.  Under the circumstances, plaintiff's counsel satisfied the

"duty to confer" requirement before moving to compel.

---

[2]

The protective order was filed on April 27, 2010 defendant provided additional
documents to plaintiff on May 3, 2010.  Plaintiff sent a "final" letter detailing the
deficiencies in the documents to defendant on May 4, 2010.  Defense counsel sent a June
21, 2010 email concerning plaintiff's "recent correspondence" and indicated that Blue
Cross would not be producing the requested items.  As noted above, plaintiff moved to
compel on June 25.

**No Discovery in Denial-of-Benefit Claims Under ERISA**

Defendant argues that (1) this is an ERISA denial-of-benefit case, (2) plaintiff is not permitted to conduct discovery beyond the administrative record, and (3) defendant has provided plaintiff with "the administrative record." Plaintiff counters that discovery should be permitted because defendant has not (1) followed the procedures set forth in the insurance contract or (2) "produced the documents used in making the claims determination **including any guidelines or rules** referred to in the denial." Doc. 44 (emphasis in original). The parties' arguments are discussed in greater detail below.

With respect to defendant's argument that discovery is not permitted beyond the administrative record, the Tenth Circuit has recently revisited and clarified the law concerning discovery in an ERISA case. Murphy v. Deloitte & Touche Group Insurance Plan, 619 F.3d 1151 (10th Cir. 2010). Depending on the circumstances, discovery may be appropriate in an ERISA action to recover benefits.[3] However, because Murphy was decided after the briefs were filed in this case, neither party adequately addressed the most recent standards concerning discovery in an ERISA case. Accordingly, the motion to compel shall be denied without prejudice. The parties shall review Murphy and confer before plaintiff renews any motion to compel.

The second area of difficulty is defendant's conclusory statement that it "produced the

---

[3]

The discovery dispute in Murphy related to the plan administrator's "dual-role conflict." However, Murphy made clear that discovery may be appropriate under certain circumstances and Fed. R. Civ. P. 1 and 26(b) provide guidance in evaluating whether discovery should be permitted.

complete administrative record, consisting of the relevant Plan documents and relevant benefits claim file." Doc. 43, p. 10. It is not at all clear that defendant's production included the "complete administrative record." For example, defendant argues that it has gone above and beyond its obligation to provide the "administrative record" and, although not obligated to do so, it provided plaintiff with a copy of the "applicable Maximum Allowable Payment schedules for 2008 (the "MAPs")." Defendant then argues "the content of *the administrative record, combined with the MAPs*, establish precisely how BCBS determined the allowed charge for the claim." Doc. 43, p. 10 (emphasis added). However, if the MAPs were utilized by defendant in determining plaintiff's allowable claim, the MAPs *are* part of the administrative record.[4]

The above example illustrates what appears to be a serious misconception by defendant concerning the "administrative record." The administrative record is not limited to information submitted by plaintiff but includes "whatever" the plan administrator considered in determining plaintiff's claim. This would include any internal policy guidelines, communications, manuals, or billing agreements with third parties that defendant relied on to decide plaintiff's claim. The parties shall confer as to whether the "complete administrative record" has been provided before plaintiff renews any motion to compel.

---

[4]

Defendant's methodology concerning the "administrative record" is extremely troubling. Stripped of prolixity, defendant has denied a portion of plaintiff's claim based on "information" that defendant says it is not obligated to share with plaintiff. Fortunately, defendant has now provided plaintiff with the MAPs, albeit under the misguided view that it had no obligation to produce the information.

**Relevance**

Closely related to the issue of discovery in an ERISA case is the relevance of plaintiff's discovery requests. Neither party addresses the relevance of the discovery requests to the merits of this case in any detail. Instead, both parties refer the court to their summary judgment briefs. The court declines the invitation to sift through other briefs filed in the case to determine the relevance of the specific discovery requests. Any renewed motion to compel shall set forth in detail the relevance of the specific discovery requests to the merits of this case.

**Harassment and Attorney Fees**

The court is not persuaded by defendant's assertion that plaintiff is utilizing discovery as a means of harassment and that attorney fees are warranted. Accordingly, defendant's request for attorney fees is rejected.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 30)** is **DENIED WITHOUT PREJUDICE.** The parties shall confer in good faith, consistent with the rulings herein, before plaintiff renews any motion to compel discovery.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 7th day of December 2010.

S/ Karen M. Humphreys

_____

KAREN M. HUMPHREYS
United States Magistrate Judge